```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the September 19, 2009,
Mayweather/Marquez Broadcast,

                        Plaintiff,                  10 Civ. 331 (PKC)

      -against-

                                               ORDER

THE SPOT IN THE CITY INC., d/b/a THE SPOT IN
THE CITY,

                        Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff filed this action on January 14, 2010, alleging that defendants violated the Communications Act of 1934 (the "Communications Act"), 47 U.S.C. §§ 553 and 605, by unlawfully intercepting and exhibiting a pay-per-view boxing broadcast on September 19, 2009 in a commercial establishment located at 303 West 123rd Street, New York, NY. Copies of the Summons and Complaint were served on defendant The Spot in the City Inc., d/b/a The Spot in the City ("The Spot in the City") on January 27, 2010. Proof of service was filed with the Court on February 1, 2010. (Docket # 4.)

        Defendant The Spot in the City has not answered the Complaint and the time for answering has expired. A Clerk's Certificate of default was issued on March 5, 2010. Plaintiff now moves for an order granting a default judgment against The Spot in the City pursuant to Rule 55, Fed. R. Civ. P. As the plaintiff has complied with Rule 55 and Local Rules 55.1 and 55.2, as well as this Court's individual Default Judgment Procedures, the motion for default judgment against The Spot in the City is GRANTED.

The plaintiff seeks the maximum statutory damages allowed by the Communications Act, 47 U.S.C. §§ 605(e)(3)(C), totaling $110,000. The plaintiff has helpfully submitted a memorandum of law discussing the damages regime of the Communications Act and emphasizes the Court's broad discretion in determining damages. (Docket #14.) The statute provides for penalties "of not less than $1,000 or more than $10,000" for each violation of the Communications Act. 47 U.S.C. § 605(e)(3)(C)(i)(II). If a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," a court "may increase the award of damages" by an additional amount of as much as $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

As set forth in the affidavit of Joseph Gagliardi, one of plaintiff's auditors visited The Spot in the City at approximately 10:55 p.m. on September 19, 2009. (Gagliardi Aff. ¶ 7.) He observed one television set "exhibiting a portion of the event to about 45 patrons in an establishment with a capacity of 45." (Gagliardi Aff. ¶ 7.) Mr. Gagliardi states that pay-per-view broadcasts cannot be mistakenly or innocently intercepted, and that unlawful broadcast interceptions damage the plaintiff's business. (Gagliardi Aff. ¶¶ 9, 14.) In pursuing a claim of statutory damages, the plaintiff has not given the Court guidance as to any actual damages it might have suffered, including what The Spot in the City might have been required to pay for the right to lawfully broadcast the boxing event. See, e.g., Garden City Boxing Club, Inc. v. Polanco, 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006) (weighing evidence of actual damages before setting statutory damages of $5,000 and an additional $5,000 for defendants' willful violation).

Plaintiff has not set forth an adequate basis to impose $110,000 in statutory damages. On the basis of the record before me, I conclude that damages of $3,000 are

2

appropriate for the underlying violation of the Communications Act, 47 U.S.C. § 605(e)(3)(C)(i)(II), and that an additional award of $3,000 is appropriate due to the defendant's willful violation of the Act and the commercial advantage gained from that violation, 47 U.S.C. § 605(e)(3)(C)(ii). The additional damages award also serves as a deterrent against future violations. See Garden City Boxing Club, 2006 WL 305458, at *5.

The Communications Act also provides for costs and attorneys' fees to the prevailing party. 47 U.S.C. § 605(e)(3)(b)(iii). Consistent with my Individual Practices, Plaintiff has submitted careful documentation reflecting the attorneys' fees and costs in this action, totaling $1,616.75. (Docket # 13.)

The plaintiff's motion for entry of default judgment is GRANTED. (Docket # 11.) Plaintiff is entitled to $6,000 in damages, plus $1,616.75 in attorneys' fees, for a total of $7,616.75. The Clerk is directed to enter judgment in this case.

SO ORDERED.

Dated: New York, New York
April 28, 2010

P. Kevin Castel
United States District Judge

3